UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENNIS McGHEE,

      **Plaintiff,**

  v.                              **Civil Action 2:23-cv-2868**
                                      **Judge Sarah D. Morrison**
                                      **Magistrate Judge Chelsey M. Vascura**

TAMARA SMOCK, *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Dennis McGhee, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF Nos. 1, 3.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

2

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

II. ANALYSIS

Plaintiff alleges that he was injured on the job on January 5, 2021, while employed by the United States Postal Service. After taking leave for four months, Plaintiff returned to work and attempted to give Defendant Tamara Smock, his supervisor, documentation regarding his injury. However, Ms. Smock told Plaintiff that the documentation was not necessary. A week later, Plaintiff was told by Defendant Steven Halley, another manager, that "it was too late for your

3

documentation," and also stated that Plaintiff should "get a job" and "black people do not want to work." On an unspecified subsequent date, Plaintiff's employment with USPS was terminated. (Compl. 3–4, ECF No. 1-1.) Plaintiff's Complaint is unclear as to what cause of action he intends to advance, but the Court construes his Complaint to advance a claim for discrimination on the basis of race under Title VII of the Civil Rights Act of 1964.

Plaintiff's Complaint must be dismissed because none of the named Defendants may be held liable under Title VII. As a federal employee, Plaintiff's claims are governed by 42 U.S.C. § 2000e-16, which provides that a civil action may be filed against "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). The only Defendants named in Plaintiff's Complaint are Ms. Smock, Mr. Halley, and Mark Wilson, who is identified as "Plant Manager." Because none of these individuals are the head of the relevant department, agency, or unit, they must be dismissed. *See Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir. 1988) ("The only proper defendants in [federal-sector Title VII] actions are the heads of a 'department, agency, or a unit' within the meaning of § 2000e-16."); *Quillen v. U.S. Postal Serv.*, 564 F. Supp. 314, 321 (E.D. Mich. 1983) ("the only proper defendant to plaintiff's claim under [§ 2000e-16] is the Postmaster General").

### III.   DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 3) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's Complaint be dismissed for failure to state a claim under § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE